UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL PAUL McWILLIAMS,

                              Plaintiff,

        -against-

KRISTEN MONROE, in her official capacity
as Commissioner of Cortland County
Department of Social Services; ALLISON
VENTIMILLA, in her official capacity as
Deputy Commissioner of Cortland County
Department of Social Services; CORTLAND
COUNTY CHILD PROTECTIVE
SERVICES; CORTLAND COUNTY
DEAPRTMENT OF SOCIAL SERVICES;
SUZANNE MILES-GUSTAVE, in her official
capacity as Acting Commissioner of the New
York State Office of Children and Family
Services; KRISTEN GLEESON, in her
official capacity as Director of the New York
State Statewide Central Register; THE NEW
YORK STATEWIDE CENTRAL
REGISTER; THE NEW YORK STATE
OFFICE OF CHILDREN AND FAMILY
SERVICES; WESTCHESTER COUNTY
CHILD PROTECTIVE SERVICES;
WESTCHESTER COUNTY DEPARTMENT
OF SOCIAL SERVICES,

                              Defendants.

23-CV-3414 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, filed this action under 42 U.S.C. § 1983, alleging that

the defendants violated his rights. By order dated April 28, 2023, the Court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons

set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of

the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The named defendants in Plaintiff's complaint are New York State and Westchester and Cortland County child welfare and social service agencies and supervisors.[1] The gravamen of the complaint is that Defendants violated Plaintiff's rights while investigating child abuse and neglect reports made to the NYSSCR. The following summary of events is gleaned from Plaintiff's complaint, which presents the underlying facts nonchronologically and circuitously. This order does not recite every detail set forth in Plaintiff's 34-page, single-spaced complaint.

Plaintiff has one adopted minor son, CM,[2] and in April 2022, while Plaintiff was living in Cortland County, New York, he also had in his care two other minor boys, BH and SB, whom Plaintiff describes as "West Virginia foster-to-adopt placements."[3] (ECF ¶ 1.) In April and May 2022, CCCPS opened three investigations into Plaintiff, based on what Plaintiff describes as false reports made to the NYSSCR regarding the children's safety and welfare. (¶ 7.) The first report was apparently instigated by an event occurring on April 9, 2022. On that day, SB

---

[1] Plaintiff names: (1) Kristen Monroe, Commissioner of Cortland County Department Of Social Services ("CCDSS"); (2) Allison Ventimilla, Deputy Commissioner of Cortland County DSS; (3) Cortland County Child Protective Services ("CCCPS"); (4) Cortland County Department of Social Services ("CCDSS"); (5) New York State Office of Children and Family Services ("NYSOCFS"); (6) Suzanne Miles-Gustave, Acting Commissioner of NYSOCFS; (7) Kristen Gleeson, Director of the New York State Statewide Central Register ("NYSSCR" or SCR pick one); (8) NYSSCR; (9) Westchester County Child Protective Services ("WCCPS"); and (10) Westchester County DSS ("WCDSS"). The Court will occasionally refer to multiple defendants as the Cortland County ("CC") defendants and the Westchester County ("WC" defendants).

[2] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission must refer to the name of a minor child by only using the child's initials. In his pleadings, Plaintiff reveals the full names and birthdays of minor children. In light of this, the Court has limited access to Plaintiff's pleadings and other submissions on the court's CM/ECF system to a "case participant-only" basis and refers to them here only by their initials. In any future submissions, Plaintiff should refer to the children only by their initials, and omit any other identifying information.

[3] It is not clear if or when Plaintiff lived in West Virginia.

"absconded for less than" one hour, and possibly told authorities that Plaintiff had physically

abused him. (*Id.* ¶¶ 22, 24.) On April 28, 2022, the CC Defendants removed SB and BH on an

emergency basis from Plaintiff's home. (*Id.* ¶ 31.) The following day, CM was also removed

from Plaintiff's home, based on a NYSSCR report of "inadequate guardianship." (*Id.*)

In the midst of these events, Plaintiff moved out of Cortland County to New Rochelle in

Westchester County, which is his "permanent residence." (*Id.* ¶¶ 7, 37.) It is not clear how long

Plaintiff lived in Cortland County before moving to Westchester County. Plaintiff's attorney

notified CCCPS of the move, but because that agency did not know that Plaintiff was "preparing

to relocate," it made another report to the NYSSCR "to justify further investigatory actions"

against Plaintiff. (*Id.* ¶ 37.) CCCPS supervisory caseworker Kelley Thomsen ("Thomsen")

"questioned" whether Plaintiff "actually resides in Westchester County" which, according to

Plaintiff, "supports" his claims that Defendants were stalking and harassing him. (*Id.* ¶ 41.)

Plaintiff asserts that his case should have been transferred to Westchester County, but because

Thomsen did not want to cede control, Cortland County maintained "'primary' investigatory

status" and Westchester County was "secondary." (*Id.* ¶ 42.)

Plaintiff alleges that during the investigation into the reports, Defendants lied and made

determinations that were not supported by the evidence to justify biased factfinding and ongoing

interference into his personal life, and he claims that Defendants did so because of

discriminatory animus against him because he is a single homosexual male. (*Id.* ¶¶ 5, 35.)

To support this claim, Plaintiff details myriad alleged discrepancies of facts, and compares

statements made in discussions, case notes, agency records, administrative filings, and at

administrative proceedings. For example, Plaintiff notes: (1) with respect to SB's abuse

allegations, a Cortland police officer and a doctor found no physical evidence of abuse on SB,

SB later denied abuse to a hospital therapist, and outside social workers reported that SB "had a history of absconding, lying, and disrupting placements"; (2) BH had only resided with Plaintiff for 15 days before he was removed for allegedly inadequate guardianship; (3) SB and BH were removed on an emergency basis from Plaintiff's care on April 28, 2023, but CM was permitted to remain with him for one more day; (4) CCCPS employee Alyssa Brown lied and said that Plaintiff would not let her speak to the children outside of his presence; and (5) Thomsen falsely reported that Plaintiff had cameras in his bathrooms, but then testified at an administrative hearing on February 22, 2023, that there were no cameras.[4] (*Id.* ¶¶ 23-27, 30-44.)

After its investigation, CCCPS issued a report on June 8, 2022, which included a substantiated finding for "inadequate guardianship" of all three children, and an unfounded finding for the "choking/twisting/shaking" of SB. (¶ 22.) There was an administrative hearing pursuant to N.Y. Soc. Sec. Law § 422(8), which was apparently conducted in Cortland County, after which the report was "changed to 'unfounded,'" however:

> [t]he original report appeared "indicated" on the [SCR] from June 8th, 2022, . . .
> until the decision was reversed and sealed on March 24th, 2023; a decision
> ordered by an Administrative Law Judge ["ALJ"].

(*Id.* ¶ 1.) Although it appears that the ALJ cleared Plaintiff of any wrongdoing, Plaintiff alleges that the proceedings did not comport with due process, and which resulted "in an improper, erroneous, and "arbitrary and capricious" decision. (*Id.* ¶ 23.)

---

[4] In addition to allegedly conducting a biased investigation, Plaintiff claims that: (1)Defendants continued to call him directly, even after he told them to communicate with him only through his attorney; (2) Cortland police officers entered Plaintiff's home without a warrant and later improperly shared private records about Plaintiff with Defendants; (3) Thomsen tried to reverse CM's adoption; and (4) Defendants obtained documents, and contacted Plaintiff's employer, the children's schools, and other potential witnesses, without obtaining the releases required by state regulations. (*Id.* ¶¶ 37, 47-48, 51-52, 62.)

Plaintiff names four individual defendants: (1) CCDSS Commissioner Monroe; (2) CCDSS Deputy Commissioner Ventimilla; (3) NYSOCFS Acting Commissioner Miles-Gustave; and (4) NYSSCR Director Gleeson. With the exception of Monroe, there are no factual allegations against these individuals. The sole allegation against Monroe is that she spoke with Cortland County Police Chief Sandy for the purpose of obtaining negative information about Plaintiff to use against him in the investigation.[5] (*Id.* ¶ 60.) In his complaint, Plaintiff makes extensive allegations regarding the conduct of agency employees who are not named as defendants in the caption of the complaint, including, most notably, CCCPS supervisory caseworker Thomsen.

Plaintiff's allegations against the WC defendants are that they: (1) "did not act on information that" the Cortland County defendants "were making false reports to" the NYSSCR; and (2) "actively carried out the directives of the" Cortland defendants, "knowing that those Defendants were potentially violating the law and interfering with" Plaintiff's parental rights. (*Id.* ¶ 6.)

Plaintiff alleges that Defendants retaliated against him and violated his due process rights and his rights to privacy and to counsel, and violated New York State Penal Law § 240.50 (falsely reporting an incident in the third degree). Plaintiff further asserts state law claims of negligence, intentional infliction of emotional distress, defamation, malicious prosecution,

---

[5] Plaintiff allegedly filed a state court proceeding under Article 78 of the New York Civil Practice Law and Rules against the Cortland City Police to compel a criminal investigation into Thomsen. (*Id.* ¶ 62.) Plaintiff also filed a second complaint in this court naming Chief Sandy and other CC police department defendants. *See McWilliams v. Sandy*, ECF 1:23-CV-4651, 1 (S.D.N.Y. June 9, 2023) (transferring action to the United States District Court for the Northern District of New York).

malpractice. (*Id.* ¶¶ 3, 80-178.) Plaintiff seeks declaratory and injunctive relief, and money damages.

## DISCUSSION

**A.      Named defendants**

> **1.      Individual defendants (Monroe, Ventimilla, Miles-Gustave, and Gleeson)**

Plaintiff lists as defendants in the caption of the complaint CCDSS Commissioner Monroe, CCCPS Deputy Commissioner Ventimilla, NYSOCFS Acting Commissioner Miles-Gustave, and NYSSCR Director Kristen Gleeson. With the exception of one allegation that Defendant Monroe communicated with Cortland County Police Chief Sandy to obtain negative information about Plaintiff, however (*Id.* ¶ 60), Plaintiff does not mention any of these individuals in the body of the complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Under Section 1983, a plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional

violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, Plaintiff has not alleged any facts from which the Court could reasonably discern a plausible Section 1983 claim against these individual defendants. The Court grants Plaintiff leave to file an amended complaint to provide facts demonstrating their personal involvement in events giving rise to violations of Plaintiff's constitutional rights.

### 2.    State agencies (NYSOCFS and NYSSCR)

The Court must dismiss Plaintiff's claims against the NYSOCFS and the NYSSCR. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. The State of New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *see also Estate of M.D. v. New York*, 241 F. Supp. 3d 413, 421-22 (S.D.N.Y. 2017) (OCFS enjoys Eleventh Amendment immunity); *Finch v. N.Y.S. Office of Children & Family Servs.*, 499 F. Supp. 2d 521, 535-36 (S.D.N.Y. 2007) (holding that NYSSCR supervisors that were sued in their official capacities enjoy Eleventh Amendment immunity).

Plaintiff's Section 1983 claims against Defendants NYSOCFS and NYSSCR, which are agencies of the State of New York, are barred by the Eleventh Amendment and must be

dismissed because the claims seek monetary relief against defendants immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3.     County agencies (CCCPS, CCDSS, WCCPS, and WCDSS)

Plaintiff's claims against the county agencies must be dismissed because municipal agencies or departments, such as these defendants, do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). The Court therefore dismisses the county DSS and CPS defendants as nonsuable entities. *See* § 1915(e)(2)(B)(ii).

Plaintiff may intend to sue Cortland County and Westchester County. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones*

*v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v.*

*Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

      To the extent that Plaintiff actually sues Cortland County or Westchester County, his

complaint does not set forth facts suggesting that a municipal policy, custom, or practice of either

county resulted in or contributed to a violation of his constitutional rights. *See, e.g.*, *Maloney v.*

*Cty. of Nassau*, 623 F. Supp. 2d 277, 289-90 (E.D.N.Y. 2007)("Although plaintiff in this case

alleges that various County Defendants were acting 'pursuant to official policy,' . . . plaintiff's

Amended Complaint does not even identify a municipal policy or custom that resulted in the

alleged Constitutional violations. Moreover, the Amended Complaint does not allege facts which

suggest the existence of a municipal policy or custom.") The Court grants Plaintiff leave to

amend his complaint to name the proper municipal defendants (the County of Westchester and/or

the County of Cortland) and provide facts in support of a municipal liability claim against the

counties.

**B.**    **Venue**

      Under 28 U.S.C. § 1391(b), unless otherwise provide by law, a civil action may be

brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim
> occurred . . . ; or (3) if there is no district in which an action may otherwise be
> brought as provided in this section, any judicial district in which any defendant is
> subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the federal judicial

district where the person is domiciled, and any other "entity with the capacity to sue and be

sued," if a defendant, resides in any federal judicial district where it is subject to personal

jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights in Cortland County and Westchester County. He does not plead the residence of any of the defendants, but he asserts that the alleged events giving rise to his claims occurred in Cortland County, which is located in the Northern District of New York, 28 U.S.C. § 112(a), and Westchester County, which is located within this federal judicial district, *see* § 112(b). It is unknown where any individual defendant resides, but the Court could assume that the CC Defendants reside in Cortland County, and that the WC Defendants reside in Westchester County, which would indicate that venue would be proper here and in the Northern District under Section 1391(b)(1) or Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), however, even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer may be appropriate in this case. Although Plaintiff now resides in Westchester County, the majority of the underlying events occurred in Cortland County. He alleges that, even after Plaintiff relocated to Westchester County, Cortland County

maintained the lead investigatory role. It appears that the administrative proceedings took place in Cortland County, and CCCPS supervisor caseworker Thomsen is the focus of many of Plaintiff's allegations of improper and unlawful conduct. Moreover, Plaintiff does not name any individual WC defendants, and there are insufficient facts in the complaint to state a municipal liability claim against Westchester County.

For these reasons, Cortland County may be a more convenient forum for this action. Plaintiff is hereby put on notice that, after a review of the amended complaint, the Court will determine whether transfer of this matter to the United States District Court for the Northern District of New York would be appropriate. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."). Plaintiff may provide any additional facts in the amended complaint that would bear on the venue issue.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Each individual Plaintiff seeks to hold liable must be named as a Defendant in the caption of the complaint. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the

court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims against: (1) Cortland County Child Protective Services; (2) Cortland County Department of Social Services; (3) Westchester County Child Protective Services; (4) Westchester County Department of Social Services; (5) New York State Office of Children and Family Services; and (6) New York State Statewide Central Register. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-3414 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the remainder of this action for failure to state a claim upon which relief may be granted. *See* 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 5, 2023
       New York, New York

                                     /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                         Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

**AMENDED**

_____

**COMPLAINT**

_____

Do you want a jury trial?
☐ Yes    ☐ No

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

       (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial          Last Name

_____
Street Address

_____
County, City                              State                    Zip Code

_____
Telephone Number                          Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                           Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State              Zip Code

Defendant 2: _____

First Name                           Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State              Zip Code

Defendant 3: _____

First Name                           Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State              Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**NYLAG**
New York Legal Assistance Group

Since 1990, NYLAG has provided free civil legal services
to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

a beneficiary of
UJA Federation
of New York